1
2
3
4                                    UNITED STATES DISTRICT COURT
5                                   NORTHERN DISTRICT OF CALIFORNIA
6
7    OLADAPO OLAJIDE,                              Case No. 22-cv-04776-HSG
8                        Plaintiff,
                                                   **ORDER GRANTING MOTION TO**
9            v.                                    **DISMISS AND DENYING MOTION TO**
                                                   **AMEND COMPLAINT**
10   PRESIDENT OF THE UNITED STATES,
                                                   Re: Dkt. Nos. 12, 22
11                       Defendant.
12
13           Pending before the Court is Defendant's motion to dismiss and Plaintiff's motion to amend

14   the complaint. Dkt. Nos. 12, 22. The Court finds these matters appropriate for disposition without

15   oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons

16   detailed below, the Court **GRANTS** the motion to dismiss and **DENIES** the motion to amend the

17   complaint.

18   **I.    BACKGROUND**

19           As this Court has previously recognized, pro se Plaintiff Oladapo Olajide "has a long

20   history of filing frivolous, fanciful, and incomprehensible complaints in this District." *See Olajide*

21   *v. Judicial Council of California*, Case No. 22-mc-80082-HSG, Dkt. No. 3 (Order, March 31,

22   2022) at 1. Plaintiff was previously declared a vexatious litigant, and is subject to a pre-filing

23   order for cases brought in the Northern District of California against the State of California, the

24   governor of the State of California, and the California Attorney General. *See Olajide v. State of*

25   *California*, Case No. 20-cv-08942-DMR, Dkt. No. 22 (Order, March 29, 2021). Although

26   Plaintiff has not filed this case against the State of California or any other state official, this case

27   still follows a similar pattern of making frivolous and incomprehensible allegations.

28           Plaintiff seeks an order of mandamus against the President of the United States, as well as

United States District Court
Northern District of California

United States District Court
Northern District of California

$210 million in compensatory and $50 million in punitive damages.  *See* Dkt. No. 4 ("Compl.").
The complaint is difficult to comprehend, but Plaintiff appears to allege that the President
somehow conspired with the Pinole Police Department to arrest Plaintiff, take custody of his child,
and seize his property while he was incarcerated.  *Id.*  Plaintiff also suggests that he is being
denied equal protection under the law based on his race and religious beliefs, including his right to
own gold and silver.  *Id.*  Plaintiff brings three causes of action against the President under 42
U.S.C. §§ 1985 and 1986.  *Id.*

Defendant now moves to dismiss the complaint.  *See* Dkt. No. 12.  And in response,
Plaintiff has filed a motion for leave to amend the complaint.  Dkt. No. 22.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the
court's lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  "Subject matter
jurisdiction can never be forfeited or waived and federal courts have a continuing independent
obligation to determine whether subject matter jurisdiction exists."  *See Leeson v. Transam.
Disability Income Plan*, 671 F.3d 969, 975, n.12 (9th Cir. 2012) (quotation omitted).  The party
invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists.
*See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

### B.    Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain
statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A
defendant may move to dismiss a complaint for failing to state a claim upon which relief can be
granted under Federal Rule of Civil Procedure 12(b)(6).  "Dismissal under Rule 12(b)(6) is
appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support
a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th
Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a
claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw

1  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

2  556 U.S. 662, 678 (2009).

3       In reviewing the plausibility of a complaint, courts "accept factual allegations in the

4  complaint as true and construe the pleadings in the light most favorable to the nonmoving party."

5  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless,

6  courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of

7  fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

8  2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

9       Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).

10  "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than

11  formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation

12  omitted).  However, even a "liberal interpretation of a . . . complaint may not supply essential

13  elements of the claim that were not initially pled."  *See Ivey v. Bd. of Regents of Univ. of Alaska*,

14  673 F.2d 266, 268 (9th Cir. 1982).  "[P]ro se litigants are bound by the rules of procedure,"

15  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of

16  the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

### III.    DISCUSSION

18       Plaintiff's allegations are frivolous, and fail for multiple reasons.  As an initial matter, the

19  Court has difficulty making sense of Plaintiff's factual allegations or discerning the violations of

20  law of which he complains.  Without this basic information, the Court cannot determine whether

21  Plaintiff has suffered a concrete injury, as required under Article III of the Constitution.  To

22  establish Article III standing, and invoke the subject matter jurisdiction of the federal courts, a

23  plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged

24  conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."

25  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "To establish injury in fact, a plaintiff must

26  show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and

27  particularized' and 'actual or imminent, not conjectural or hypothetical.'"  *Id.* at 1548 (quoting

28  *Lujan*, 504 U.S. at 560).  Plaintiff has not met these requirements here, and the Court therefore

*United States District Court*
*Northern District of California*

3

United States District Court
Northern District of California

1    lacks subject matter jurisdiction.

2        Plaintiff also does not assert a factual connection between any actions of the President of

3 the United States and Plaintiff's alleged injury.  To the extent Plaintiff attempts to explain how the

4 President is responsible for Plaintiff's unequal treatment under the law, the allegations are

5 nonsensical.  Plaintiff asserts, for example, that the President has caused him harm by approving

6 "the Gold Reserve Act of 1934," enabling federal employees "to collect federal reserve notes,"

7 and failing to prevent "white supremacist conspirac[ies]."  *See* Compl.  Even if Plaintiff could

8 overcome these deficiencies, however, his claims would likely be barred by the doctrine of

9 sovereign immunity.  "The United States, as a sovereign, is immune from suit unless it has waived

10 its immunity."  *See Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482

11 F.3d 1157, 1173 (9th Cir. 2007).  There is no indication that the President—as a federal official—

12 has waived such immunity.  *See Solida v. McKelvey*, 820 F.3d 1090, 1095 (9th Cir. 2016) ("An

13 action against an officer, operating in his or her official capacity as a United States agent, operates

14 as a claim against the United States.").  The Court therefore **GRANTS** the motion to dismiss.

15        In response to the motion to dismiss, Plaintiff also filed a motion for leave to amend the

16 complaint.  *See* Dkt. No. 22.  Plaintiff states that he "discover[ed] more relevant facts pertaining to

17 his Complaint," and attaches a proposed amended complaint.  *Id.*  Although leave to amend is to

18 be liberally granted, the Court finds that Plaintiff's proposed complaint does not remedy any of the

19 deficiencies identified above and appears to repeat the factual allegations in the original complaint.

20 It is still unclear what Plaintiff alleges happened, how he was injured, or how the President is in

21 any way legally responsible.  The Court thus **DENIES** the motion for leave to amend.

22 **IV.   CONCLUSION**

23        The Court **GRANTS** the motion to dismiss.  Based on the nature of the deficiencies in

24 Plaintiff's complaint and Plaintiff's proposed amendment, the Court finds that granting leave to

25 amend would be futile.  The Court therefore **DISMISSES** the case without leave to amend.  *See*

26 *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless

27 the pleading could not possibly be cured by the allegation of other facts, and should be granted

28 more liberally to pro se plaintiffs.") (quotations omitted).  The Clerk is therefore directed to enter

judgment in favor of Defendant and to close the case.

     **IT IS SO ORDERED.**

Dated:   2/6/2023

                                                  HAYWOOD S. GILLIAM, JR.
                                                  United States District Judge

United States District Court
Northern District of California